IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 5-08-bk-51563 RNO |
| LOUIS J. DOMIANO, JR. and | : | |
| DEBRA DOMIANO aka, | : | |
| ANN D. DOMIANO | : | CHAPTER 11 |
| | : | |
| Debtors | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LOUIS J. DOMIANO, JR. and | : | |
| DEBRA DOMIANO aka, | : | |
| ANN D. DOMIANO | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| OLD FORGE BANK | : | |
| | : | |
| Defendants | : | ADV. NO. 5-09-ap-00049 RNO |

# **Opinion**[1]

This adversary proceeding was commenced by the Plaintiffs' five-count Complaint which contains a total of twenty-eight paragraphs. Presently before this Court are the Defendant, Old Forge Bank's, Motion for Abstention under 28 U.S.C. § 1334(c)(1), Motions to Dismiss Under F.R.Civ.P. 12(b)(6), and in the Alternative, Motion for More Definite Statement under F.R.Civ.P. 12(e). For the reasons stated herein, the Motion to Dismiss is granted, and the Complaint is dismissed. The Plaintiffs will be allowed twenty days to file an amended complaint.

---

[1] Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

1

## I. Dismissal Standard

". . . [O]n a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-1965, 1969 n. 8, 167 L.Ed.2d 929 (2007)). To survive a Rule 12(b)(6) motion, the pleadings must show plausibility. *Id*. at 234. ". . . [T]he '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965).

"[The standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965 n. 3 (2007)). In reviewing the Complaint, the Court must ". . . read [the] allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted." *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (referencing *Phillips*, 515 F.3d at 233).

## II. Facts

Plaintiffs, Louis J. Domiano and Debra Domiano (hereinafter collectively "the Domianos") filed for Chapter 11 relief on June 2, 2008. Subsequently, the Domianos filed this adversary proceeding against one of their creditors, Old Forge Bank (hereinafter "Old Forge"), on February 17, 2009. The Complaint contains five counts and alleges that the Defendant, Old Forge, has seized possession of unspecified property and is acting as a mortgagee in possession

2

pursuant to a mortgage agreement. Pls.' Compl. 1-2.

**III.     Discussion**

In assessing whether to grant Old Forge's Motion to Dismiss, this Court first looks to the sufficiency of the Complaint. One of the bases for Old Forge's Motion for dismissal is Federal Rule of Civil Procedure 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

In reviewing the Complaint, this Court has had significant difficulty in locating facutal allegations, as opposed to legal conclusions. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). ". . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (referring to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

In the recent case, *Ashcroft v. Iqbal*, the Supreme Court elaborated on the standards of pleading and the plausibility requirement set forth in the *Twombly* decision:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Ashcroft v. Iqbal*, 129 S.Ct. at 1949-1950 (internal citations omitted).

3

In further defining plausibility, the Court stated that, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007)).

In the present case, the Domianos' Complaint contains five counts, with each successive count incorporating the paragraphs of the previous counts. This Court reviews the Complaint in the light most favorable to the Domianos. The first count refers to "Breach of Contract" and incorporates the preliminary averments. The preliminary averments consist of four paragraphs, two of which identify the parties and two of which refer to the jurisdiction of this Court. One of the paragraphs, in describing Old Forge, refers to Old Forge as "a creditor that claims a security interest in property assets of the Debtors." Pls.' Compl. 1. Under the first count, the Complaint states that ". . . the Defendant has purportedly seized possession of the property and is acting as a mortgage[e] in possession," that Old Forge has notified the tenants to submit their lease payments to Old Forge, and that Old Forge has "exercised these rights pursuant to the mortgage instrument." Pls.' Compl. 2.

Paragraph 9 consists of a list of ways that the Domianos allege that Old Forge has breached the "contract". Paragraphs 10 through 12 are paragraphs that state that these actions have reduced rental income by approximately 70%, have reduced the value of the property, and have impaired the Domianos' ability "to develop and implement their plan or reorganization." Pls.' Compl. 3. The final paragraph under this count characterizes the alleged actions as intentional or reckless.

4

Other than vague references to a mortgage agreement, the seizing of the property, and an alleged notification to unnamed tenants, the Complaint does not provide details about the events or occurrences that may have constituted a breach.  While the Complaint outlines ten different types of breaches that are alleged to have occurred, the Complaint lacks facts necessary to support these legal conclusions.  For example, the address of the property in question is not provided, nor is the mortgage instrument attached to the Complaint.  An alleged breach, such as "failure to properly manage or maintain the property", alone does not suffice to create a plausible cause of action in the absence of the facts to support such a conclusion.  Instead, the Court has been left to speculate as to how any alleged breaches came about.  The allegations, therefore, do not state a cause of action upon which relief can be granted with respect to a breach of contract.

The next count is a "Breach of Implied Term of Good Faith."  This count incorporates all the preceding paragraphs.  Paragraph 15 states that Pennsylvania law includes an obligation to act in good faith. Paragraph 16 states that Old Forge is "in breach of that process."  Pls.' Compl. 3. The remaining three paragraphs in this count are duplicates of paragraphs 11-13.  The new paragraphs in this count are merely legal conclusions.  The Complaint previously had referenced some alleged breaches of contract, the taking of possession of some property, and the notification of tenants to send rents to Old Forge.  However, this Court can only speculate as to when and how a breach may have occurred, and the allegations do not state a cause of action upon which relief can be granted with respect to a breach of an implied term of good faith.

The next count is "Negligence."  This count incorporates all of the previous paragraphs.  Paragraph 21 states "[t]hat the Defendant has negligently discharged its duties and obligations to the Plaintiffs when it took possession of the property and/or seized its rents."  Pls.' Compl. 4.

5

Paragraph 22 states "[t]hat the actions of the Defendant were wrongful as to the Plaintiffs and have caused and will continue to cause substantial loss to the Plaintiffs." Like in the previous count, both of these paragraphs are conclusions rather than facts giving rise to a negligence claim. Reflecting on the incorporated facts previously stated, the Court is forced to speculate when and how such a claim may have arisen. Therefore, the allegations do not state a cause of action upon which relief can be granted with respect to a negligence cause of action.

The final count of this Complaint is a breach of fiduciary duty. This count, like the ones before it, incorporates all previous portions of the Complaint. Paragraph 24 states "[t]hat the Defendant has taken possession of personal and real property of the Plaintiffs." Pls.' Compl. 4. Paragraph 25 states "[t]hat the Defendant has and continues to breach its fiduciary duty to the Plaintiffs and to cause substantial losses to the Plaintiffs." Pls.' Compl. 5. Paragraphs 26-28 restate the exact same language as paragraphs 11-13 and 17-19, including general statements about alleged adverse affects to value of property, alleged impairment to the Domianos' ability to implement a plan of reorganization, and the alleged intentions of Old Forge. Again, the paragraphs contained within this count are conclusory, rather than alleging facts leading to the conclusions, thereby providing a cause of action. Considering all of the paragraphs of the Complaint, which at this point are either contained within the count or incorporated by reference, this Court is still left to wonder and speculate regarding the existence of a fiduciary relationship and how it could have been breached. The allegations, therefore, do not state a cause of action upon which relief can be granted with respect to a breach of a fiduciary duty.

## IV. Conclusion

For the reasons set forth above, I find that the Complaint fails to state a claim upon which relief can be granted under any of the five counts. Therefore, Old Forge's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is granted with respect to all counts, and the Complaint is dismissed.

The Domianos are hereby granted leave to file an amended complaint in conformance with this Opinion within twenty days. An Order will be entered consistent with this Opinion.

Date: July 6, 2009

_____
Robert N. Opel, II, Bankruptcy Judge (BI)

*This opinion is electronically signed and filed on the same date.*

7