IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :
                                          :    CASE NO. 5-08-bk-51563 RNO
LOUIS J. DOMIANO, JR. and                 :
DEBRA DOMIANO aka,                        :
ANN D. DOMIANO                            :    CHAPTER 11
                                          :
                            Debtors       :
*********************************************************************
LOUIS J. DOMIANO, JR. and                 :
DEBRA DOMIANO aka,                        :
ANN D. DOMIANO                            :
                                          :
                            Plaintiffs    :
                                          :
              v.                          :
                                          :
OLD FORGE BANK                            :
                                          :
                                          :
                            Defendants    :    ADVERSARY NO. 5-09-ap-49 RNO

# Opinion[1]

Presently before this Court are Old Forge Bank's Motions to Dismiss under Fed.R.Civ.P. 12(b)(6), Motion for Abstention under 28 U.S.C. § 1334(C)(1) or (2), and in the Alternative, Motion to Strike Under Fed.R.Civ.P. 12(f) & Motion for a More Definite Statement under Fed.R.Civ.P. 12(e).  For the reasons stated herein, the Motion to Dismiss is granted, and the Amended Complaint is dismissed.

## I.       Jurisdiction

The claims raised by the Complaint are non-core.  Therefore, this Court only has "related to" jurisdiction as defined in 28 U.S.C. § 157(c).

---

[1] Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

1

## II.      Dismissal Standard

"... [O]n a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-1965, 1969 n. 8, 167 L.Ed.2d 929 (2007)).  To survive a Rule 12(b)(6) motion, the pleadings must show plausibility.  *Id*. at 234.  "... [T]he '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965).

"[The standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965 n. 3 (2007)).  In reviewing the Complaint, the Court must "... read [the] allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted." *Umland v. PLANCO Financial Services, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (referencing *Phillips*, 515 F.3d at 233).

## III.      Facts and Procedural Posture

Plaintiffs, Louis J. Domiano and Debra Domiano, (hereinafter collectively "the Domianos") filed for Chapter 11 relief on June 2, 2008.  The Domianos filed a Complaint ("Original Complaint") commencing this adversary proceeding against one of their creditors, Old Forge Bank (hereinafter "Old Forge"), on February 17, 2009.  Following Old Forge's first Motion to Dismiss, filed on March 30, 2009, I rendered an Opinion finding that the Domianos

2

had failed to state a claim upon which relief could be granted, dismissing all counts of the Original Complaint, and granting leave to file an amended complaint. The Domianos filed a new Complaint ("Amended Complaint") on July 20, 2009. In response, Old Forge filed the present Motions to Dismiss, Abstain, Strike, and for a More Definite Statement ("Motion").

## IV. Discussion

The Motion by Old Forge for dismissal is pursuant to Federal Rule of Civil Procedure 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). In my previous Opinion, I observed that the Original Complaint had significant conclusory language and few facts to support a cause of action. That Opinion noted:

> In reviewing the Complaint, this Court has had significant difficulty in locating factual allegations, as opposed to legal conclusions. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). ". . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (referring to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

> In the recent case *Ashcroft v. Iqbal*, the Supreme Court elaborated on the standards of pleading and the plausibility requirement set forth in the *Twombly* decision:

>> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

3

> *Ashcroft v. Iqbal*, 129 S.Ct. at 1949-1950 (internal citations
> omitted).  In further defining plausibility, the Court stated that,
> "[w]here a complaint pleads facts that are 'merely consistent with'
> a defendant's liability, it 'stops short of the line between
> possibility and plausibility of entitlement to relief.' "  *Ashcroft v.
> Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*,
> 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007)).

*Domiano v. Old Forge Bank (In re Domiano)*, Ch. 11 Case No. 5-08-bk-51563RNO, Adv. No. 5-09-ap-00049RNO, slip op. at 1-2 (Bankr. M.D.Pa. July 6, 2009).

In the present case, the Domianos' Amended Complaint contains many of the same paragraphs as the Original Complaint.[2]  In the Domianos' Memorandum of Law in Opposition to Motion to Dismiss of Old Forge Bank, the Domianos argue that this Court can supplement the Complaint with judicial notice.  Pls.' Mem. of Law p. 18.  Specifically, the Domianos make reference to testimony presented by both parties at a relief from stay hearing which was part of the Domianos' underlying bankruptcy proceeding, not this adversary case.  Pls.' Mem. of Law p. 18.

As a legal basis for this argument, the Domianos reference two cases, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L.Ed. 2d 179 (2007) and *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The problem with this approach is the preliminary nature of a relief from stay hearing.  The Third Circuit recently recognized this in *In re Mullarkey*, 536 F.3d 215 (3d Cir. 2008).  "The hearing on a motion for relief from stay is meant to be a summary proceeding, and the statute requires prompt action by the bankruptcy court." *In re Mullarkey* at 226.  In *Mullarkey*, the Third Circuit found that previous relief from stay proceedings did not have preclusive effect on a

---

[2] The Original Complaint contained a total of twenty-eight paragraphs.  An additional eight have been added to the Amended Complaint to comprise a total of thirty-six paragraphs.

4

subsequently filed adversary complaint. *Id.*

In the present case, the scenario is slightly different. Rather than arguing any preclusive effect, the Domianos seek that I take judicial notice of the "facts" of the relief from stay hearing to supplement the Amended Complaint. Fed.R.Evid. 201(d) requires a court to take judicial notice if "requested by a party and supplied with the necessary information." Fed.R.Evid. 201(b) describes the kinds of facts that may be judicially noticed:

> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Additionally, the Third Circuit has previously noted that ". . . a bankruptcy judge deciding an adversary proceeding, which is an independent litigation, and an appellate court reviewing that decision, cannot properly use documents filed only in the underlying bankruptcy case unless that use can be justified under the judicial notice doctrine." *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 204 (3d Cir. 1995) (citing *In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir. 1942)). In *Indian Palms*, the Third Circuit also noted that " '[j]udicial notice may be taken at any stage of the proceeding,' . . . as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." *In re Indian Palms Associates, Ltd.*, 61 F.3d at 205 (citing Fed.R.Evid. 201(f) in reference to the district court's decision to take judicial notice of the documents submitted in connection with the motion for relief from stay).

While *Indian Palms* is helpful, the case is also distinguishable in that judicial notice was taken in the context of an appeal from the disposition of a relief from stay motion. *Id.* at 201-202. As the present case involves an adversary proceeding, it is more helpful to refer to the case

5

which *Indian Palms* relied upon and discussed in footnote 12, *In re Aughenbaugh*, 125 F.2d 887, (3d Cir. 1942).  In *Aughenbaugh*, the Third Circuit found that it was inappropriate for the bankruptcy referee to have considered documents such a bankruptcy schedules, appraisals, and proofs of claim in the underlying bankruptcy case that had not been admitted as evidence in the preference avoidance action.  *In re Indian Palms Associates, Ltd.*, 61 F.3d at 204 n.12; *In re Aughenbaugh*, 125 F.2d at 890.  In *Aughenbaugh*,  Third Circuit concluded that while the relevant papers:

> . . . would have been admissible as court records without other proof and would if offered in evidence have constituted some evidence of the facts to which they related.  But the facts to which they related, being disputed in the very controversy under consideration, were not the sort of facts of which the referee was entitled to take judicial notice.

*In re Aughenbaugh*, 125 F.2d 887, 890 (3d Cir. 1941).

In the present case, it is not apparent that the Domianos are even aware of which facts they seek that I take judicial notice.  The only request for judicial notice is found in the Memorandum submitted in opposition to the Motion.  *See* Pls.' Mem. of Law p. 18.  In that Memorandum, the Domianos argue that I can take judicial notice of the testimony from a previous relief from stay hearing to further substantiate the causes of action against Old Forge.  I am left to speculate as to what facts the Domianos are seeking to have me take judicial notice of. In light of *Aughenbaugh* and the plain language of Fed.R.Evid. 201(b) and the summary nature of the relief from stay proceedings, I do not find a basis to take judicial notice of any adjudicative facts here.  I must now evaluate the sufficiency of the causes of action plead in the Domianos' Amended Complaint.

A.      **Breach of Contract**

I review the Amended Complaint in the light most favorable to the Domianos.  The preliminary averments consist of four paragraphs, two of which identify the parties and two of which refer to the jurisdiction of this Court.  One of the paragraphs, in describing Old Forge, refers to Old Forge as "a creditor that claims a security interest in property assets of the Debtors."  Pls.' Am. Compl. ¶2.

The Amended Complaint contains four counts.  They are numerated as Counts II, III, IV and V.

Count II is titled "Breach of Contract".  Paragraphs six and seven of the Amended Complaint state that on April 28, 2008 and May 7, 2008, Old Forge diverted rents to itself from a multi-tenant commercial property owned by the Domianos.  Paragraph fifteen clarifies that the alleged diversion of rents was pursuant to a mortgage instrument.  Paragraph eight alleges that at the time that the "diversion began" the commercial property's fair market value was in excess of $1,100,000.00.  Paragraphs nine and ten allege that Old Forge has diverted the rents through a contract agent and has not applied the rental funds to any underlying obligation in a timely manner.  Paragraphs eleven and twelve allege that rents have gone uncollected, vacancies have not been filled and that "necessary items" on the property neglected.  The Amended Complaint states that Old Forge has refused to notify the Domianos about the same and that the uncollected rents and defaults exceed $20,000.00.

Paragraphs thirteen and fourteen allege that these actions have caused a reduction of value upon which Old Forged relied in its Motion for Relief from the Automatic Stay.  Paragraph sixteen consists of a list of conclusory language detailing the various "breaches" of the contract,

7

which presumably is a mortgage agreement. Paragraphs seventeen through twenty state that these actions have reduced rental income by approximately seventy percent, have reduced the value of the property, and have impaired the Domianos' ability "to develop and implement their plan of reorganization." The final paragraph under this Count characterizes the actions as intentional or reckless and intended to impede the Domianos' financial progress and benefit Old Forge.

Old Forge argues that the Domianos have failed to plead the necessary elements of a breach of contract action under Pennsylvania law. Under Pennsylvania law, a claim for breach of contract requires that a plaintiff allege "1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damage." *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 580 (Pa.Super. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super. 1999). Old Forge argues that the Amended Complaint fails to recite the essential terms of the contract which was allegedly breached. While "Point IV" and "Point V" of the Domianos' Memorandum refer to the plead causes of action for negligence and the breach of fiduciary duty, I did not find a section in the Memorandum that addressed Old Forge's Motion as to the Domianos' breach of contract claim. *See* Pls.' Mem. of Law pp. 14-18. As this is the second Complaint filed regarding this action, I am surprised that neither a copy of the contract was attached to the Amended Complaint nor were its essential terms even summarized. While the Domianos appear to be alleging eight breaches of contract in paragraph sixteen of the Amended Complaint, they provide no basis for this Court to infer the specific language of the contract between the parties. The Court should not be asked to speculate as to the terms of the alleged contract. Further, I am concerned that, whether by accident or design,

8

after two attempts, not a single contractual provision has been pointed to in support of the Domianos' claims in Count II. In light of the heightened pleading standards enunciated by the Supreme Court in *Twombly* and *Iqbal*, I cannot say that the alleged facts state a plausible claim. Count II of the Amended Complaint will be dismissed.

### B. Breach of Implied Term of Good Faith

Count III is titled "Breach of Implied Term of Good Faith." This Count incorporates all the preceding paragraphs. Additionally, paragraph twenty-two is a conclusion of law which states that Pennsylvania law includes an obligation to act in good faith. Paragraph twenty-three states that Old Forge is "in breach of that agreement." The remaining three paragraphs of this Count allege that losses are likely to continue and that Old Forge continues to hamper the Domianos' reorganization efforts.

As with much of the Original Complaint, the new paragraphs in this Count in the Amended Complaint are merely legal conclusions. The Original Complaint referenced some alleged breaches of contract, the taking of possession of some property, and the notification of tenants to send rents to Old Forge. Count III of the Amended Complaint includes some conclusory allegations that the actions of Old Forge are "intentional or reckless and are designed and intended to adversely impact the Debtors to impede their financial progress to the benefit of the Defendant." Pls.' Am. Compl. ¶ 26.

In considering a motion to dismiss, allegations that are legal conclusions are not assumed to be true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (U.S. 2009).

> While legal conclusions can provide the framework of a complaint,
> they must be supported by factual allegations. When there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an

9

entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

As noted above, the Amended Complaint has not even identified the purported contract between the Domianos and Old Forge. Count III of the Amended Complaint contains a paucity of well-plead facts to give context and color to the legal conclusions which are plead. This is not enough in my view.

Traditionally, Pennsylvania courts have only imposed an inherent duty of good faith in limited circumstances. For example, a franchisor dealing with its franchisees has an obligation to act in good faith and with commercial reasonableness. *Loos & Dilworth v. Quaker State Oil Refining Corp.*, 347 Pa.Super. 477, 500 A.2d 1155, 1158 (Pa.Super. 1985). Similarly, an insurer representing the interests of its insured has the obligation to act in good faith and with due care. *Gray v. Nationwide Mut. Ins. Co.*, 422 Pa. 500, 223 A.2d 8, 9 (1966).

At most, the Amended Complaint shows a debtor/creditor relationship between the Domianos and Old Forge. As noted by the Pennsylvania Superior Court, ". . . the Supreme Court of Pennsylvania has refused to impose a duty of good faith which would modify or defeat the legal rights of a creditor. *Creeger Brick and Bldg. Supply, Inc. v. Mid-State Bank and Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151, 154 (Pa.Super. 1989). *Also see CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1059 (Pa.Super. 1999).

Under Pennsylvania law, "[s]uch an inherent duty of good faith does *not* extend to the lender-borrower relationship." *Cable & Associates Ins. Agency, Inc. v. Commercial Nat. Bank of Pennsylvania*, 875 A.2d 361, 364 (Pa.Super. 2005) (demurrer to bad faith action by borrower against lender sustained). Further, Pennsylvania does not recognize an alleged breach of the

10

duty of good faith as an independent cause of action. *Chanel, Inc. v. Jupiter Group, Inc.*, 2006 WL 1793223, *6-7 (M.D.Pa. 2006).

A contract between the Domianos and Old Forge could impose an obligation of good faith concerning the contractual terms. However, a contract was neither attached to the Amended Complaint nor described therein. A cause of action for breach of an implied duty of good faith has not been stated. No plausible claim for relief having been plead in Count III, this Count will be dismissed.

### C. Negligence

Count IV of the Amended Complaint incorporates all of the previous paragraphs. Paragraph twenty-eight states "[t]hat the Defendant has negligently, . . . discharged its duties and obligations to the Plaintiffs when it took possession of the property and/or seized its rents." Paragraph twenty-nine states "[t]hat the actions of the Defendant were wrongful as to the Plaintiffs and have caused and will continue to cause substantial loss to the Plaintiffs."

The section in the Domianos' Memorandum referring to the negligence claim cites no Pennsylvania case law giving rise to such a cause of action. Rather, the entire section of the Memorandum refers to cases that describe the standard of review under a Rule 12(b)(6) motion to dismiss. Pennsylvania law recognizes the "gist of the action doctrine" which provides that a breach of contract action only gives rise to a tort claim when the ". . . wrong ascribed to the defendant [is] the gist of the action, the contract being collateral." *eToll, Inc. v. Elias/Savion Advertising, Inc*., 811 A.2d 10, 14 (Pa.Super. 2002) (citing *Bash v. Bell Tel. Co.*, 411 Pa.Super. 347, 601 A.2d 825, 829 (1992); *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 104 (3d Cir. Pa. 2001) (" 'The important difference between contract and tort actions is that the

11

latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus.' " (internal citations omitted)) cert. denied, 534 U.S. 1162, 112 S.Ct. 1173, 152 L.Ed.2d 116 (2002). The Domianos refer to a credit relationship on page sixteen of their Memorandum as a basis for the negligence claim. The only wrongs alleged in the Amended Complaint are the same wrongs alleged to constitute a breach of contract. These paragraphs are conclusions of law rather than well-plead facts giving rise to a negligence claim. Thus, this Court is forced to conclude that no independent action for a tort claim has been alleged. The allegations do not state a cause of action upon which relief can be granted with respect to a negligence cause of action and Count IV will be dismissed

### D.      Breach of Fiduciary Duty

Count V of the Amended Complaint alleges breach of fiduciary duty. This Count, like the ones before it, incorporates all previous portions of the Amended Complaint. Paragraph thirty-three states "[t]hat the Defendant has and continues to breach its fiduciary duty to the Plaintiffs and to cause substantial losses to the Plaintiffs . . ." Paragraphs thirty-four through thirty-six restate the same language as paragraphs eighteen through twenty and twenty-four through twenty-six, including general statements about adverse affects to value of property, alleged impairment of the Domianos' ability to implement a plan of reorganization, and the intentions of Old Forge. Again, the paragraphs contained within this Count are conclusory in nature. There is a lack of foundational facts supporting the legal conclusions and demand for relief. The Domianos' Memorandum does not actually cite any specific cases to support their cause of action, instead pages fourteen through eighteen of the Memorandum merely recount the dismissal standard.

12

Old Forge argues that, as Count V appears to arise out of the breach of contract claim, it should be barred by the gist of the action doctrine. Def.'s Br. p. 14. In *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79 (3d Cir. Pa. 2001), the Third Circuit found that a fiduciary duty claim was imposed under Pennsylvania law rather than by the contract itself. In *Bohler*, a fiduciary duty arose because one of the contracting parties was the majority shareholder in a joint venture. Therefore, the Third Circuit found that the breach was not barred by the gist of the action doctrine. However, in the present case, even the Domianos' Memorandum only refers to a credit relationship.

Under Pennsylvania law, a fiduciary duty is created by a confidential relationship which ". . . may attach 'wherever one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest.' " *Basile v. H & R Block, Inc.*, 777 A.2d 95, 102 (Pa.Super. 2001). The main focus in determining the existence of such a relationship is based on the disparity of the position between the parties. *Id.* at 102. ". . . [A] confidential relationship may be established by evidence of either 'overmastering influence' *or* of 'weakness, dependence or trust.' " *Basile v. H & R Block, Inc.*, 777 A.2d at 103 (referencing *Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412, 416-17 (1981)). However, a confidential relationship does not arise merely from the reliance on the specialized skill or expertise of another party. *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 22 (Pa.Super. 2002). The lender/borrower relationship does not create a confidential relationship. *Federal Land Bank of Baltimore v. Fetner*, 269 Pa.Super. 455, 410 A.2d 344, 348 (Pa.Super.Ct. 1979) (citing *Grace et ux. v. Moll*, 285 Pa. 353, 355, 132 A. 171 (1926)), *cert. denied*, 446 U.S. 918, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *See also Busy Bee, Inc. v. Wachovia Bank, N.A.*,

13

2006 WL 723487, *22 (Pa.Com.Pl. 2006); *Morgan v. PNC Bank,* 1997 WL 1040541, *6 (Pa.Com.Pl. 1997); *Koch v. First Union Corp.*, 2002 WL 372939, *8 (Pa.Com.Pl. 2002). However, substantial control over a borrower's management and operations may give rise to a fiduciary duty. *Blue Line Coal Co., Inc. v. Equibank*, 683 F.Supp. 493, 496 (E.D.Pa. 1988); *Temp-Way Corp v. Continental Bank*, 139 B.R. 299, 318 (E.D.Pa. 1992).

In the present case, the Domianos allege that the breach of fiduciary duty arises out of actions taken by Old Forge pursuant to Old Forge's contractual rights. The only relationship plead is a credit agreement. However, no factual allegations have been made that suggest sufficient reliance or control that would create a fiduciary duty here. No facts were pled to suggest a confidential relationship between the Domianos and Old Forge. Considering all of the paragraphs of the Amended Complaint, which at this point are either contained within the Count or incorporated by reference, this Court is left to wonder and speculate regarding the existence of a fiduciary relationship. The allegations, therefore, do not state a cause of action upon which relief can be granted with respect to a breach of a fiduciary duty. Count V of the Amended Complaint will be dismissed.

### V. Conclusion

For the reasons set forth above, I find that the Amended Complaint fails to state a claim upon which relief can be granted under any of the four counts. Therefore, Old Forge's Motion under Federal Rule of Civil Procedure 12(b)(6) is granted with respect to all Counts, and the Amended Complaint is dismissed. As I have determined that the Amended Complaint is to be dismissed, the Motions to Abstain, Strike, and for a More Definite Statement are moot and no additional findings regarding those Motions need to be made.

14

An Order will be entered consistent with this Opinion.

By the Court,

Date: December 28, 2009

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

*This opinion is electronically signed and filed on the same date.*